UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREA B-D., | ) |
| Plaintiff, | ) ) ) |
| | ) No. 23-cv-16470 |
| v. | ) |
| | ) Magistrate Judge Keri L. Holleb Hotaling |
| LELAND DUDEK, Acting Commissioner of the Social Security Administration, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Andrea B-D.[1] appeals the decision of the Defendant Acting Commissioner ("Commissioner") of the Social Security Administration ("SSA") denying her disability benefits. For the reasons set forth below, Plaintiff's motion for summary judgment (Dkt. 13) is GRANTED, and the Commissioner's motion for summary judgment (Dkt. 14) is DENIED. The Commissioner's decision is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

**I.    BACKGROUND**

**A.    Procedural History**

On November 13, 2020 Plaintiff, who was classified as closely approaching advanced age at the time of her hearing (and is classified as advanced age now), *see* 20 C.F.R. § 404.1563(d)-(e), applied for disability insurance benefits ("DIB") alleging disability beginning March 1, 2020. (Administrative Record ("R.") 16, 160-61.) Following initial and reconsideration denials of Plaintiff's application (R. 68-89), an Administrative Law Judge ("ALJ") held an Administrative

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initials of her last name.

Hearing and issued an April 12, 2023 decision finding Plaintiff not disabled (R. 16-31). The Appeals Council denied review (R. 2-7), rendering the ALJ's decision the final decision of the Commissioner. Plaintiff appeals that decision. (Dkt. 1.)

### B. The ALJ's Decision

The ALJ analyzed Plaintiff's claim following the SSA's usual five-step sequential evaluation process to determine whether Plaintiff was disabled during the relevant time. (R. 16-31); *see also* 20 C.F.R. § 404.1520(a). The ALJ found at step one that Plaintiff met the insured status requirements of the Social Security Act for DIB through December 31, 2024 and did not engage in substantial gainful activity after her alleged disability onset. (R. 18.) At step two, the ALJ identified severe impairments of a traumatic brain injury, neurocognitive disorders, anxiety and posttraumatic stress disorder. (R. 18-19.) The ALJ decided at step three that Plaintiff's impairments, alone or in combination, did not meet or medically equal one of the SSA's listings of impairments under 20 C.F.R. 404, Subpart P, Appendix 1. (R. 19.) The ALJ evaluated Plaintiff's mental limitations and determined, consistent with State Agency evaluators' findings, Plaintiff had moderate limitations in all four paragraph B criteria: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (R. 19-21.)

Before step four, the ALJ found Plaintiff retained the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels" with non-exertional limitations, including that Plaintiff could "understand, remember, and carry out instructions for simple and routine work performed away from the public and with only occasional interaction with others" and "no tandem or group assignments" and "should work in a fairly static environment with a minimal number of daily changes and no hourly production work." (*Id.*) At steps four and five, the ALJ concluded Plaintiff was unable to perform past relevant work but that other jobs exist in sufficient numbers

2

in the national economy that Plaintiff could perform, given her age, education, work experience, and RFC. (R. 29-31.) The ALJ therefore found Plaintiff was not disabled. (R. 30-31.)

      C.      **Standard of Review**

Judicial review of the ALJ's factual determinations is confined to ensuring those findings are supported by substantial evidence. *Martinez v. Kijakazi*, 71 F.4th 1076, 1079 (7th Cir. 2023) (citation omitted); *see also* 42 U.S.C. § 405(g). ALJs "are subject to only the most minimal of articulation requirements," *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024), but nevertheless "must provide a logical bridge between the evidence and the conclusions so that [the court] can assess the validity of the agency's ultimate findings and afford the claimant meaningful judicial review." *Martinez*, 71 F.4th at 1080 (cleaned up).

**II.    ANALYSIS**

The Court need only reach Plaintiff's first argument—that the ALJ improperly omitted without explanation a restriction to one- to two-step tasks—because it is outcome determinative.

While Plaintiff's application was under consideration, a State Agency psychological evaluator at the initial level opined Plaintiff was "[n]ot significantly limited" in the abilities "to understand and remember" and "carry out" "very short and simple instructions" but was "[m]oderately limited" in the abilities "to understand and remember" and "carry out" "detailed instructions." (R. 76.) In his narrative of Plaintiff's related capacities or limitations, he opined Plaintiff was "**mentally capable of performing simple 1-2 step, routine or repetitive tasks** in a low pressure/low stress work environment that has limited demands for interactions with others." (R. 25, 76-77.) The reconsideration-level evaluator affirmed. (R. 25, 86-87 (emphasis added).) The ALJ acknowledged the evaluators' opinions in her recitation of the evidence (R. 25) and later found "persuasive" their opinions "that claimant is limited to simple, routine tasks with limited social interactions" because they were well supported and consistent with the evidence. (R. 28.)

3

She limited Plaintiff to "simple and routine work" without adopting—or even addressing—the evaluators' related one- to two-step task restrictions. (R. 21, 25, 28.)

The Commissioner first contends the ALJ implicitly addressed the one- to two-step task restriction; the Commissioner insists ALJ's "reasoning is apparent" from her discussion of Plaintiff's examination records that, in the Commissioner's words "consistently failed to document memory or cognitive deficits." (Dkt. 15 at 4.) But the ALJ never purported to address the one- to two-step restriction; nor is the reasoning regarding memory findings so clearly applicable to the task restriction that the Court can assume the ALJ intended it to apply there. In fact, the ALJ expressly found the evaluators' opinions to be persuasive, well supported, and consistent with the record, undermining any suggestion she intended to question them implicitly while discussing another topic. The ALJ's persuasiveness analysis of the evaluators' opinions also controverts the Commissioner's related point that the ALJ may reject a medical opinion that lacks consistency with the record. While that is so, the ALJ never found the one- to two-step task limitation to be inconsistent with the record. The Commissioner finally attempts to bolster the ALJ's decision by noting some of Plaintiff's activities, like "running errands" involve "tasks of more than one or two steps[.]" (Dkt. 15 at 4.) The ALJ, though, did not rely upon such tasks to support rejecting a one- to two-step task restriction. *See Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020) ("Our review is limited also to the ALJ's rationales; we do not uphold an ALJ's decision by giving it different grounds to stand upon."). Even had the ALJ relied upon such activities, courts have repeatedly criticized the rejection of a one- to two-step task restriction for full-time employment based upon a claimant's mere occasional performance of multi-step activities. *See Rodney J. M. v. O'Malley*, No. 23-cv-50236, 2024 WL 3888867, at *4 (N.D. Ill. Aug. 21, 2024) (collecting cases).

Thus, the ALJ erred in omitting a one- to two-step task limitation without discussion. *See James T. v. Kijakazi*, No. 20-cv-4990, 2023 WL 8372039, at *3 (N.D. Ill. Dec. 1, 2023) (collecting

cases and "conclud[ing] the ALJ erred by failing to either adopt [state agency psychological consultant's] 1-2 step unskilled tasks limitation or explain why she declined to do so"). Nevertheless, the ALJ's error may be harmless if, at step 5, the ALJ identified jobs that Plaintiff could perform even if the one- to two-step restriction had been added to her RFC.

At step 5, the Commissioner bears the burden of showing there are significant numbers of jobs in the national economy for someone with the claimant's abilities and limitations. 20 C.F.R. § 404.1560(c)(2). In that discussion, ALJs typically rely on [a vocational expert ("VE")] to list jobs in the national economy that claimants can perform[,]" *DuCharme v. Kijakazi*, No. 21-2204, 2022 WL 3287974, at *3 (7th Cir. Aug. 11, 2022), and consult "the Dictionary of Occupational Titles" published by the Department of Labor. SSR 00-4P, 2000 WL 1898704, at *1 (Dec. 4, 2000); *see also* U.S. Dep't of Labor, Emp. & Training Admin., Dictionary of Occupational Titles, 1991 WL 645958 (4th ed. 1991) ("DOT"). The ALJ must resolve obvious conflicts between a VE's testimony and the DOT, but the ALJ's failure to do so does "not merit reversal" when harmless. *Mitchell v. Kijakazi*, No. 20-2897, 2021 WL 3086194, at *2-3 (7th Cir. July 22, 2022); *Collins v. Berryhill*, 743 F. App'x 21, 25-26 (7th Cir. 2018).

The DOT listing for every job title assigns it a reasoning level between 1 and 6. *See* DOT App'x C (listing "components of Definition Trailer" for DOT jobs). As is relevant here, jobs with reasoning level 1 require workers to "[a]pply commonsense understanding to carry out simple one- or two-step instructions," while jobs at a reasoning level 2 require workers to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." DOT App'x C. A claimant limited to "simple" or "unskilled" work tasks may be capable of performing jobs with a reasoning level of 2 or even 3, *see Kevin W. v. Kijakazi*, No. 20-cv-6557, 2023 WL 35178, at *4 (N.D. Ill. Jan. 4, 2023); *Vanhphenh S. v. Saul*, No. 18-cv-6121, 2021 WL 1315633, at *4 (N.D. Ill. Apr. 8, 2021) (examining cases), but courts "have repeatedly interpreted

5

the restriction to 1-2 step tasks to limit a claimant to Level 1 Reasoning jobs." *Dustin S. v. O'Malley*, No. 21-cv-5693, 2024 WL 4836233, at *1 (N.D. Ill. Nov. 20, 2024) (citations omitted); *see also Kevin W.*, 2023 WL 35178, at *4 (listing cases). An ALJ must resolve the obvious conflict created if a VE testifies that a claimant with a one- to two-step task limitation can perform a job with a reasoning level 2. *See Dustin S.*, 2024 WL 4836233, at *3 (finding such conflict "grossly apparent from the DOT's definitions of Reasoning Level 1 . . . and Reasoning Level 2").

Accordingly, the Court examines the three jobs the ALJ found Plaintiff could perform: Cleaner II, 919.687-014; Hospital Cleaner, 323.687-010; and Warehouse Worker, 922.687-058. (R. 30.) All three are Reasoning Level 2. DOT §§ 919.687-014, 323.687-010, 922.687-058. The ALJ did not inquire of the VE whether any of those jobs would be available to someone with a one- to two-step task restriction. (*See* R. 63.) Without an indication Plaintiff could perform any of the jobs identified at step 5, the ALJ's error regarding the one- to two-step task limitation cannot be deemed harmless. *Rodney J. M.*, 2024 WL 3888867, at *5. Accordingly, the Court remands the case. The Court will not reach Plaintiff's remaining arguments, which should be addressed on remand.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. 13) is granted. The Commissioner's motion (Dkt. 14) is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

ENTERED: March 12, 2025

_____
Hon. Keri L. Holleb Hotaling
United States Magistrate Judge